SARAH R. NICHOLS, CA Bar No. 233099
sarah.nichols@ogletree.com
ANNA L. PADGETT, CA Bar No. 307146
anna.padgett@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA  94105
Telephone:     415.442.4810
Facsimile:     415.442.4870

Attorneys for Defendant
BYND, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARNOOSH SEIFODDINI, an individual, | Case No. |
| Plaintiff, | |
| v. | **NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441 BY DEFENDANT BYND, LLC** |
| BYND, LLC, a California limited liability company, and DOES 1 through 10, inclusive, | **[DIVERSITY JURISDICTION]** |
| Defendants. | |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant BYND, LLC ("Defendant" or "BYND"), hereby removes the above-captioned action from the Superior Court of the State of California, County of San Francisco, to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1331, 1367, 1441(b), and 1446 on the grounds that there is complete diversity of citizenship between Plaintiff Farnoosh Seifoddini ("Plaintiff"), a citizen of the State of California, and Defendant BYND, LLC, a citizen of the United Kingdom, Texas, and New York; that the amount in controversy exceeds the jurisdictional minimum of $75,000 set forth in Section 1332(a); and that the foregoing facts were true at the time the Complaint in this matter was filed and remain true as of the date of the filing of this notice of removal, as more fully set forth below.

## THE STATE COURT ACTION

1.   On October 17, 2017, Plaintiff filed an unverified Complaint in the Superior Court of the State of California, County of San Francisco, entitled *Farnoosh Seifoddini v. BYND, LLC and DOES 1 through 10, inclusive,* Case No. CGC-17-561945.

2.   The Complaint asserts claims for (1) Retaliation in violation of Government Code § 12940(c); and (2) Wrongful Termination in Violation of Public Policy. A true and correct copy of the Complaint and other documents served on Defendant are attached hereto as **Exhibit A**.

3.   Defendant's registered agent for service of process was served with the Complaint on October 25, 2017.

4.   On November 17, 2017, BYND timely filed its Answer in San Francisco County Superior Court. A true and correct copy of BYND's Answer to Plaintiff's Complaint is attached hereto as **Exhibit B**. BYND believes Exhibits A and B constitute the entire case file in San Francisco Superior Court related to this action.

5.   A defendant in a civil action has thirty (30) days from the date it is served with a summons and complaint in which to remove the action to federal court. 28 U.S.C. § 1446(b). As Defendant's registered agent for service of process was served with the summons and Complaint on October 25, 2017, this Notice of Removal is timely.

## THE FEDERAL COURT'S JURISDICTION AND REMOVABILITY BASED UPON DIVERSITY OF CITIZENSHIP

6.      This action is one over which the Court has original jurisdiction under 28 U.S.C. § 1332 and which may be removed by Defendant pursuant to 28 U.S.C. § 1441.  This is a civil action where the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

7.      For diversity purposes, an individual is a "citizen" of the state in which he or she is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  An individual's domicile is the place he or she resides with the intention to remain or which he or she intends to return.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 854, 857 (9th Cir. 2001).

8.      A limited liability company (LLC) is a form of business that resembles both partnerships and corporations.  *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  "Notwithstanding LLC's corporate traits, however, every circuit that has addressed the question treats them like partnerships for the purpose of diversity jurisdiction."  *Id.* (citations omitted).  The Ninth Circuit follows the general rule that "an LLC is a citizen of every state of which its owners/members are citizens."  *Id.*

9.      "A corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c).  The United States Supreme Court established the test for determining a corporation's principal place of business for purposes of diversity jurisdiction in *Hertz Corporation v. Friend*, 130 S.Ct. 1181 (2010).  The Supreme Court held that the "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities."  *Id.* at 1184.  The Court further clarified that the principal place of business is the place where the corporation "maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination."  *Id.*

10.     A corporation created under the laws of a foreign state is deemed a citizen or subject of the foreign state.  28 U.S.C. § 1332(c)(1).  An "alien corporation" has dual citizenship, for purposes of diversity jurisdiction, and is a citizen of every U.S. state and foreign state in which it is

incorporated, as well as the state or foreign state in which it has its principal place of business.  *Id.*

11.     Defendant is informed and believes, based on Plaintiff's allegations in her Complaint, that Plaintiff is a citizen of the State of California and domiciled in California.

12.     Defendant is an LLC formed under the laws of the state of California.  Defendant has six owners/members, Next Fifteen Communications (US Holdings) LLC, Matthew Iliffe, Matthew Basford, Nicholas Rappolt, Charles Lyon, and Thomas Denning.  (Declaration of Peter Lamb In Support of Defendant's Notice of Removal ("Lamb Decl."), ¶ 3.)

13.     Matthew Iliffe is domiciled in the State of Texas.  (*Id.* at ¶ 4.)

14.     Matthew Basford is domiciled in the State of New York.  (*Id.* at ¶ 5.)

15.     Nicholas Rappolt is domiciled in and is a citizen of the United Kingdom. (*Id.* at ¶ 6.)

16.     Charles Lyons is domiciled in and is a citizen of the United Kingdom.  (*Id.* at ¶ 7.)

17.     Thomas Denning is domiciled in and is a citizen of the United Kingdom. (*Id.* at ¶ 8.)

18.     Next Fifteen Communications (US Holdings) LLC has one owner/member, Next Fifteen Communications Ltd. (UK).  (*Id.* at ¶ 9.)  Next Fifteen Communications Ltd. (UK) is a foreign corporation organized under the laws of the United Kingdom.  (*Id.* at ¶ 10.)  See *TC Power Ltd. v. Guardian Industries Corp.*, 568 Fed.Appx. 376, 379 (6th Cir. 2014) (British Ltd. company plaintiff "a foreign corporation," in the context of diversity analysis); *Hedge Capital Investments Ltd. v. Sustainable Growth Group Holdings LLC*, 593 Fed.Appx. 938, 940 (11th Cir. 2014) (plaintiff Ltd. company "is a British Corporation" for purposes of diversity analysis).  Next Fifteen Communications Ltd.'s only operations take place in the United Kingdom.  (*Id.* at ¶ 10.)  Thus, Defendant is a citizen of the United Kingdom for purposes of determining diversity jurisdiction.

19.     Although Plaintiff has named "Doe" defendants, the citizenship of fictitiously-named "Doe" defendants is disregarded for purposes of removal.  28 U.S.C. § 1441(a); *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).  As Plaintiff and Defendant are citizens of different states under the applicable legal standards, complete diversity exists in this case.

20.     The Complaint does not allege a damage amount as to each claim.  Removal is therefore proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the claims will exceed $75,000.  *See Sanchez v. Monumental Life Ins. Co.*, 102

F.3d 398, 404 (9th Cir. 1996); *Lucett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. *See Hunt v. Washington State Apple Advertising Comm'n,* 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Anthony v. Security Pac. Fin'l Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996).

21.     Based on Plaintiff's allegations, the amount in controversy in the instant case is more likely than not to exceed the sum of $75,000. Plaintiff seeks damages including "lost back wages; award of compensatory damages for Plaintiff's emotional pain and suffering; award of lost front wages; award of exemplary damages; award of reasonable attorneys' fees, reasonable expert witness fees, and other costs of the action; award of prejudgment interest; and for such other an further relief as the Court deems proper and just…." (Complaint, Prayer for Relief.) Plaintiff's annual base salary during the entirety of her employment with Defendant was $180,000. (Lamb Decl., ¶ 11.) Based on a conservative, good faith estimate of the value of the claims asserted in this action, Plaintiff seeks recovery in excess of $75,000.[1]

22.     Plaintiff alleges she "as suffered the loss of wages/salary, benefits, and additional amounts of money" and that she "has suffered mental anguish and emotional distress" with respect to both causes of action in her Complaint. (Complaint ¶¶ 22-23 and 30-31.) Plaintiff also claims she is entitled to punitive damages "sufficient to punish and make an example of Defendant." (Complaint at ¶ 32.)

23.     Plaintiffs who seek recovery for emotional distress damages in employment litigation frequently have been awarded emotional distress damages in excess of $75,000. *See Landis v. Pinkertons, Inc*., 122 Cal. App. 4th 985, 988 (2004) ($275,000 emotional distress damages); *Kolas v. Access Bus. Group LLC*, 2008 WL 496470 (Cal. Superior Jan. 14, 2008) ($200,000 in emotional distress damages); *see also Chambers v. Penske Truck Leasing Corp*., No.

---

[1] By estimating the amount Plaintiff may recover if she prevails, Defendant does not concede that Plaintiff will prevail on any of her claims or that, if she prevails, she is entitled to damages in any particular amount or at all. Defendant reserves the full right to dispute Plaintiff's claims with respect to both liability and damages.

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441 BY DEFENDANT

1:11-cv-0038, 2011 WL 1459155 (E.D. Cal. April 15, 2011) ("A court may consider that emotional distress damages 'are potentially substantial'"). Although BYND denies that Plaintiff is entitled to any recovery, by reference to similar litigation proceedings under the same statutory authority, the value of Plaintiff's asserted emotional distress claims alone substantially exceeds the jurisdictional minimum. Plaintiff also seeks recovery of punitive damages. In addition, she also seeks costs and reasonable attorney's fees under the California Fair Employment and Housing Act. When taken as a whole, the amount demanded by Plaintiff is clearly in excess of the minimum amount required for diversity jurisdiction.

24. As required by 28 U.S.C. § 1446(b), the original Notice of Removal was filed within 30 days after Defendant was served with a copy of the Complaint.

25. As required by 28 U.S.C. § 1446(d), Defendant provided notice of this Removal to Plaintiff through her attorneys of record.

26. As required by 28 U.S.C. § 1446(d), a copy of the original Notice of Removal will be filed with the Superior Court of the State of California for the County of San Francisco.

27. In the event that this Court has a question regarding the propriety of this Notice of Removal, Defendant respectfully requests that the Court issue an Order to Show Cause so that Defendant may have an opportunity to supplement a more detailed brief outlining the basis for this Removal.

WHEREFORE, Defendant BYND, LLC removes the above action to this Court.

DATED: November 27, 2017

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: */s/ Sarah R. Nichols*
    SARAH R. NICHOLS
    ANNA L. PADGETT

Attorneys for Defendant
BYND, LLC

32077342.2

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441 BY DEFENDANT

Exhibit A



# SUMMONS
## (CITACION JUDICIAL)

**ORIGINAL**          **SUM-100**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BYND, LLC, a California limited liability company; and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FARNOOSH SEIFODDINI, an individual

**BY FAX**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Francisco Superior Court

400 McAllister Street
San Francisco, CA 94102

CASE NUMBER:
*(Número del Caso):* **CGC-17-561945**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Rory C. Quintana, Quintana Hanafi LLP 870 Market St., Ste. 1115, San Francisco, CA 94102; 415-504-3121

DATE:          **OCT 1 7 2017**          **DEPUTY CLERK**Clerk, by _____, Deputy
*(Fecha)*                    *(Secretario)*                    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

BOWMAN LIU

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

    under: [ ] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
           [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
           [ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
           [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Rory C. Quintana, SBN 258747
QUINTANA HANAFI, LLP
870 Market Street, Suite 1115
San Francisco, CA 94102
Tel.: (415) 504-3121
Fax: (415) 233-8770
rory@qhplaw.com

Attorney for Plaintiff

**ORIGINAL**

**F I L E D**
Superior Court of California
County of San Francisco

OCT 1 7 2017

CLERK OF THE COURT
BY: _____
Deputy Clerk
BOWMAN LIU

**BY FAX**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN FRANCISCO

## UNLIMITED JURISDICTION

FARNOOSH SEIFODDINI, an individual,

    Plaintiff,

vs.

BYND, LLC, a California limited liability
company; and DOES 1 through 10, inclusive,

    Defendants.

**CASE NO.: CGC-17-561945**

**COMPLAINT FOR DAMAGES**
1. **RETALIATION (GOV. CODE § 12940(h)); and**
2. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY.**

**DEMAND FOR JURY TRIAL**

### I.    INTRODUCTION

    Plaintiff FARNOOSH SEIFODDINI (herein "Plaintiff") brings this action against Defendant BYND, LLC (herein "BYND"), and DOES 1 through 10, inclusive. Plaintiff alleges the following:

### II.    JURISDICTION AND VENUE

    1.    The damages sought in this matter exceed $25,000. This matter is thus properly submitted to the Court of Unlimited Jurisdiction in the Superior Court, County of San Francisco.

- 1 -

2. Venue is proper in this County because the unlawful actions occurred in the City and County of San Francisco and the records of these actions are found in San Francisco.

3. On September 12, 2017, Plaintiff properly notified the Department of Fair Employment and Housing of her intent to sue Defendants and has received a "right-to-sue notice" prior to filing this complaint. A true and correct copy of the "right-to-sue notice" is attached to this Complaint as Exhibit A.

## III. PARTIES

4. Plaintiff is informed and believes and thereon alleges that Defendant BYND is a California limited liability company, with its headquarters at 100 Montgomery St., Ste. 1102, San Francisco, California 94104, and doing business in the State of California under entity number 201621410166.

5. Plaintiff Farnoosh Seifoddini was employed by BYND from approximately September 27, 2016 until her termination on or about August 11, 2017.

6. Plaintiff is informed and believes and thereon alleges that at all times relevant herein, each defendant authorized and ratified, aided and abetted, and acted in concert with and/or conspired with each and every other defendant to commit the acts and to engage in the practices complained of herein.

7. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 to 10 and therefore sue those Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of those fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by the aforementioned Defendants.

8. Plaintiff is informed and believes and thereon alleges that each of the Defendants herein were, at all times relevant to this action, the agents, employees, representing partners, supervisors, managing agents, joint ventures, joint employers of the remaining Defendants and were acting within the course and scope of that relationship. Plaintiff is further informed and

- 2 -

believes and thereon alleges that each of the Defendants gave consent to, ratified, and authorized the acts alleged herein to each of the remaining Defendants.

## IV.   GENERAL ALLEGATIONS

9.     Plaintiff began working as the Head of Product for BYND on or about September 27, 2016.

10.    Because BYND did not have a human resources department in San Francisco, and generally lacked females in leadership roles during her employment, Plaintiff became a conduit for female employees to express questions and concerns regarding their role within the company. Often these concerns revealed issues of gender bias, and in the latter part of Plaintiff's employment they were sometimes related to the behavior of BYND employee Rowan Laurence.

11.    In addition to hearing the complaints of her female co-workers, Plaintiff herself was subjected to an environment referred to by some at BYND as the "British Boys Club." Plaintiff was subjected to and forced to accept misogynistic and gender themed jokes and put-downs, including co-workers' use of terms like "pussy" and "twat" along with statements like, "women who have been married make better project managers because they have had to organize a wedding"; and being told that if she wanted to win her supervisor's trust, Plaintiff needed to be "less alpha."

12.    On or about June 21, 2017 Plaintiff had a 1-on-1 meeting with BYND employee Kristen Borges, who expressed her frustration with the "toxic, gender-biased environment at BYND." Later that day, Plaintiff also received an email from BYND job candidate Maya Joshi who informed Plaintiff she would not be moving forward in the interview process because she had been made to feel uncomfortable during the interviews by Mr. Laurence. Because BYND lacked any HR department, Plaintiff emailed an explanation of these developments to BYND's Chief Operating Officer.

///

///

- 3 -

13. On or about June 22, 2017, Plaintiff had a 1-on-1 meeting with BYND General Manager Sam Smith regarding Ms. Borges. Mr. Smith stated he did not believe further action should be taken regarding the use of the word "twat" in an open team message.

14. Mr. Smith referred Plaintiff to Jody Johnson, a human resources officer for M Booth, an affiliated organization in New York City. During her approximately forty-minute conversation with Ms. Johnson, Plaintiff discussed the June 21, 2017 incidents discussed above as well as "the British Boys Club" and implicit gender bias issues.

15. In or around July 2017, BYND employee Gessica Tortolano asked Plaintiff to coach employee Emma Netland on how to discuss issues with Mr. Smith, including issues related to gender bias. Plaintiff emailed Mr. Smith to give him notice of the impending meeting and to let him know she had helped prep Ms. Netland.

16. On or about July 26, 2017, Plaintiff had a 1-on-1 meeting with BYND North American Partner Matt Iliffe, in which Mr. Iliffe asked why there were so many "people issues" in San Francisco. Mr. Iliffe also stated that it was never great to take things to HR as it is better worked out with people on the team.

17. On or about August 1, 2017, Plaintiff had a 1-on-1 meeting with Mr. Smith in which they discussed his meeting with Ms. Netland. He stated the meeting was "long and challenging" and that she had brought up gender bias.

18. On or about August 11, 2017, BYND informed Plaintiff she was being terminated.

## V.    CAUSES OF ACTION
### FIRST CAUSE OF ACTION
**Retaliation**
**(Cal. Gov't. Code § 12940(h))**

18. Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

- 4 -

19.     At all times relevant to this Complaint, Government Code § 12940(h) was in full force and effect and binding on Defendants. This section, inter alia, prohibits Defendant from retaliating against any employee who complains about discrimination or harassment based on gender or sex.

20.     On numerous occasions, including in the weeks leading up to her termination, Plaintiff complained about gender bias on behalf of herself and her co-workers.

21.     Defendants terminated Plaintiff in response to Plaintiff's complaints of gender bias on behalf of herself and her co-workers.

22.     As a proximate result of Defendant's actions, described above, Plaintiff has suffered the loss of wages/salary, benefits, and additional amounts of money Plaintiff would have received had Defendant not retaliated against her for her complaints.

23.     As a further proximate result of Defendant's actions, Plaintiff has been harmed in that Plaintiff has suffered mental anguish and emotional distress in an amount to be established at trial.

24.     Wherefore, Plaintiff prays for judgment against Defendant as hereinafter set forth below.

## SECOND CAUSE OF ACTION

### Wrongful Termination in Violation of Public Policy

25.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

26.     It is the policy of the State of California to prevent employers from discriminating against employees in terms of employment based on an employee's gender.

27.     It is the policy of the State of California to prevent employers from retaliating against employees who engage in protected activity, including employees who complain about gender discrimination in the workplace.

28.     Plaintiff's gender was a motivating factor in Defendant's decision to terminate Plaintiff's employment.

29.     Plaintiff's complaints about gender discrimination in the workplace were a motivating factor in Defendant's decision to terminate Plaintiff's employment.

- 5 -

30.     As a proximate result of Defendant's actions, described above, Plaintiff has suffered the loss of wages/salary, benefits, and additional amounts of money Plaintiff would have received had she not been retaliated or discriminated against, which actions resulted in her unlawful termination.

31.     As a further proximate result of Defendant's actions, Plaintiff has been harmed in that Plaintiff has suffered mental anguish and emotional distress in an amount to be established at trial.

32.     Plaintiff further alleges that Defendant, acted with fraud, oppression and malice thus entitling Plaintiff to recover punitive damages sufficient to punish and make an example of the Defendant.

33.     Wherefore, Plaintiff prays for judgment against Defendant as hereinafter set forth below.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this court:

1.    Judgment finding DEFENDANTS' conduct, as alleged herein, violated PLAINTIFF's rights pursuant to the Government Code and Labor Code;

2.    Award of lost back wages;

3.    Award of compensatory damages for Plaintiff's emotional pain and suffering;

4.    Award of lost front wages;

5.    Award of exemplary damages;

6.    Award of reasonable attorneys' fees, reasonable expert witness fees, and other costs of the action;

7.    Award of prejudgment interest; and

8.    For such other and further relief as the Court deems proper and just

## **JURY DEMAND**

Plaintiff demands trial by jury of all claims and causes of action so triable.

///

///

- 6 -

Respectfully submitted,

Dated: October 17, 2017

Quintana Hanafi, LLP

Rory Quintana

*Attorney for Plaintiff Farnoosh Seifoddini*

- 7 -

# EXHIBIT A

# EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                         GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

DIRECTOR KEVIN KISH

September 12, 2017

RE: **Notice to Complainant or Complainant's Attorney**
DFEH Matter Number: 955653-311480
Right to Sue: Seifoddini / Matt Iliffe BYND, LLC

Dear Complainant or Complainant's Attorney:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue. Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer. You or your attorney must serve the complaint. If you do not have an attorney, you must serve the complaint yourself. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

September 12, 2017

RE: **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 955653-311480
Right to Sue: Seifoddini / Matt Iliffe BYND, LLC

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. This case is not being investigated by DFEH and is being closed immediately. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

**No response to DFEH is requested or required.**

Sincerely,

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

September 12, 2017

Farnoosh Seifoddini
3301 Clay St., Apt. 304
San Francisco, California 94118

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 955653-311480
Right to Sue: Seifoddini / Matt Iliffe BYND, LLC

Dear Farnoosh Seifoddini,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective September 12, 2017 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing





# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

DIRECTOR KEVIN KISH

Enclosures

cc:

# COMPLAINT OF EMPLOYMENT DISCRIMINATION

## BEFORE THE STATE OF CALIFORNIA

## DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

1

2

3

4

5

6  In the Matter of the Complaint of                     DFEH No. 955653-311480
   Farnoosh Seifoddini, Complainant.
7  3301 Clay St., Apt. 304
   San Francisco, California 94118
8

9  vs.

10 Matt Iliffe  BYND, LLC, Respondent.
   100 Montgomery St., Ste. 1102
11 San Francisc, California 94104

12

13 Complainant alleges:

14
15 1. Respondent **BYND, LLC** is a **Private Employer** subject to suit under the
   California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).
16 Complainant believes respondent is subject to the FEHA.

17 2. On or around **August 11, 2017**, complainant alleges that respondent took the
   following adverse actions against complainant: **Discrimination, Harassment,**
18 **Retaliation Terminated,** .   Complainant believes respondent committed these
   actions because of their: **Sex - Gender** .
19
20 3. Complainant **Farnoosh Seifoddini** resides in the City of **San Francisco**, State of
   **California**.  If complaint includes co-respondents please see below.
21

22

DFEH 902-1

Date Filed: September 12, 2017

**Additional Complaint Details:**

I worked as the Head of Product for BYND from September 27, 2016 through August 11, 2017. Because BYND did not have a human resources department in San Francisco, and generally lacked females in leadership roles during my employment, I became a conduit for female employees to express questions and concerns regarding their role within the company. Often these concerns were related to issues of gender bias. In addition to hearing the complaints of female co-workers, I was personally subjected to an environment that was referred to by some at BYND as the British Boys Club. Like many women in leadership roles, I was forced to endure, and pretend to accept misogynistic and gender themed jokes and put-downs, including the use of terms like pussy and twat by male co-workers, hearing of comments like, women who had been married make better project managers because they have had to organize a wedding, and being told by management that if I wanted to win my supervisors trust, I needed to be less alpha.

On or about June 21, 2017, I had a 1-on-1 meeting with Kristen Borges, who was in tears expressing frustration about the toxic, gender biased environment at BYND. That same day, I received an email from Maya Joshi, a product management candidate who informed me she would not be moving forward in the interview process because she had been made to feel uncomfortable by my co-worker Rowan Laurence during the interviews. Later that day, and because there was no human resources department, I emailed COO Tom Denning, explaining what had happened with Ms. Borges and Ms. Joshi. On June 22, 2017, I had a 1-on-1 meeting with General Manager Sam Smith regarding Ms. Borges. I explained that I went to Mr. Denning because I didnt know what to do in the absence of a human resources department. Mr. Smith stated that he didnt believe further action should be taken regarding the use of the word twat in an open Slack discussion and further expressed that he didnt believe we should pursue investigating Ms. Joshis complaints regarding Rowan Laurence. On June 23, 2017, per Mr. Dennings suggestion, I spoke with Jody Johnson, who works in human resources for sister organization M Booth in New York City. During our 40-minute conversation, I discussed the issues from June 21 described above. I also discussed the British Boys Club and implicit gender bias,

In July 2017 I was asked by a female co-worker to help coach another female co-worker on how to discuss issues with Mr. Smith, including issues related to gender bias. Later that day, I emailed Mr. Smith to give him notice of the impending meeting and letting him know that I had helped prep for the meeting. On July 26, 2017, in a meeting with the Matt Iliffe, the North America Partner, I was asked why there were so many people issues in the San Francisco office and told that it was never great to take things to HR as it is better to work them out with people on the team. Two weeks later I was terminated.

DFEH 902-1

*Complaint ± DFEH No. 955653-311480*

Date Filed: September 12, 2017

VERIFICATION

I, **Rory C. Quintana**, am the Attorney for Complainant in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On September 12, 2017, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**San Francisco, CA**
**Rory C. Quintana**

*Complaint ±DFEH No. 955653-311480*

Date Filed: September 12, 2017

DFEH 902-1

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Rory C. Quintana, SBN 258747
QUINTANA HANAFI, LLP
870 Market Street, Suite 1115
San Fransisco, CA 94102
TELEPHONE NO.: (415) 504-3121    FAX NO.: (415) 233-8770
ATTORNEY FOR *(Name):* Farnoosh Seifoddini

**ORIGINAL**

FOR COURT USE ONLY

**F I L E D**
Superior Court of California
County of San Francisco

OCT 17 2017

CLERK OF THE COURT
BY: _____
BOWMAN LIU Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco 94102-4515
BRANCH NAME: Civic Center Courthouse

CASE NAME:
Seifoddini v. BYND, LLC

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CGC-17-561945 |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☑ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* Two - FEHA retaliation and wrongful termination
5. This case ☐ is ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 10/17/2017

Rory C. Quintana
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**BY FAX**

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:**  **MAR-21-2018**

**TIME:**  **10:30AM**

**PLACE:**  **Department 610**
**400 McAllister Street**
**San Francisco, CA  94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.  **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**
(SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3869

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**

Exhibit B

1  SARAH R. NICHOLS, SBN 233099
sarah.nichols@ogletree.com
2  ANNA L. PADGETT, SBN 307146
anna.padgett@ogletree.com
3  OGLETREE, DEAKINS, NASH,
    SMOAK & STEWART, P.C.
4  Steuart Tower, Suite 1300
One Market Plaza
5  San Francisco, CA 94105
Telephone: 415.442.4810
6  Facsimile: 415.442.4870

7  Attorneys for Defendant
BYND, LLC

ELECTRONICALLY
**F I L E D**
Superior Court of California,
County of San Francisco

**11/17/2017**
Clerk of the Court
BY:EDWARD SANTOS
Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| FARNOOSH SEIFODDINI, an individual,<br><br>       Plaintiff,<br><br>   vs.<br><br>BYND, LLC, a California limited liability company, and DOES 1 through 10, inclusive,<br><br>       Defendants. | Case No. CGC-17-561945<br><br>**DEFENDANT'S ANSWER TO COMPLAINT FOR DAMAGES**<br><br>Action Filed: October 17, 2017<br>Trial Date: None Set |

Pursuant to section 431.30(d) of the Code of Civil Procedure, Defendant BYND, LLC ("Defendant") denies generally and specifically each and every allegation contained in Plaintiff Farnoosh Seifoddini's ("Plaintiff") Complaint.

Additionally, Defendant asserts the following affirmative defenses as set forth below:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1.    The Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action upon which relief can be granted against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

2.    The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Plaintiff failed to exhaust her administrative remedies, including to the extent that any allegations in the Complaint vary from allegations in any administrative charge filed with an appropriate agency.

## THIRD AFFIRMATIVE DEFENSE

### (Laches)

3.    The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by the equitable doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

4.    Plaintiff has or had unclean hands with respect to the matters alleged in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

5.    Plaintiff has failed to mitigate her damages, if any.

///

///

///

**SIXTH AFFIRMATIVE DEFENSE**

**(Workers' Compensation Exclusivity)**

6.      Plaintiff's exclusive remedy for any alleged damages is governed by the California Workers' Compensation Act.  Cal. Lab. Code §§ 3200 *et seq.*, 3602(a), 5300.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

7.      The Complaint, and each purported cause of action alleged therein, is barred by the applicable statute of limitations including, but not limited to, Government Code section 12960 and 12965, Code of Civil Procedure section 335.1, and any other applicable statutes.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Avoidable Consequences)**

8.      Plaintiff's causes of action are barred by the doctrine of avoidable consequences because she unreasonably failed to take action to avoid the alleged damages, and some or all of the alleged damages would have been avoided by such action.

**NINTH AFFIRMATIVE DEFENSE**

**(After-Acquired Evidence)**

9.      The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by the doctrine of after-acquired evidence.

**TENTH AFFIRMATIVE DEFENSE**

**(Waiver/Estoppel)**

10.     The Complaint, and each purported cause of action alleged therein, is barred by the doctrine of waiver and/or estoppel.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Good Faith Belief)**

11.     The Complaint, and each purported cause of action alleged therein, is barred because any decisions made by Defendant with respect to Plaintiff's work status were reasonably based on the facts as Defendant understood them.

///

**TWELFTH AFFIRMATIVE DEFENSE**

**(Acts Not Ratified or Authorized)**

12.     Defendant cannot be held liable for acts of its employees committed outside the scope of their employment for which Defendant did not authorize or ratify.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Consent)**

13.     The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, to the extent Plaintiff consented to any and/or all of the conduct about which she now complains.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Privilege/Justification)**

14.     The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Defendant's actions were at all times privileged and/or justified, including, but not limited to, the manager's privilege/immunity.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Mixed Motive)**

15.     The Complaint, and each purported cause of action alleged therein, is barred because any and all actions taken by Defendant with respect to Plaintiff were taken in good faith and for legitimate non-discriminatory business reasons.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Contributory/Comparative Fault)**

16.     Plaintiff caused or contributed to the matters alleged in the Complaint, thereby causing and/or contributing to her injury or damage, if any.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Punitive Damages Unconstitutional)**

17.     Plaintiff's claim for tort and punitive damages are barred by the contract clause (Article I, Section 10, clause 1), the due process clause (Fifth Amendment, Fourteenth Amendment, Section 1), and the excessive fines clause (Eighth Amendment) of the United States

Constitution, and the corresponding provisions of the Constitution of the State of California.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Offset)

18.     If Plaintiff sustained any damages as a result of the conduct alleged in the Complaint, which Defendant continues to deny, then Defendant is entitled to an offset to the extent that Plaintiff received income from other sources, including but not limited to Workers' Compensation or California State Disability Insurance benefits.

## RESERVATION OF ADDITIONAL DEFENSES

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant reserves its right to assert additional affirmative defenses in the event discovery indicates it would be appropriate.

WHEREFORE, Defendant prays as follows:

1.     That Plaintiff take nothing by this action;

2.     That the Complaint be dismissed with prejudice;

3.     That judgment be entered in favor of Defendant;

4.     For costs of suit and for attorneys' fees incurred; and

5.     For such other and further relief as the Court deems just and proper.

DATED:  November 17, 2017

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By:  /s/ Anna L. Padgett
SARAH R. NICHOLS
ANNA L. PADGETT

Attorneys for Defendant
BYND, LLC

**PROOF OF SERVICE**
*Farnoosh Seifoddini vs. BYND, LLC et al.*
San Francisco County Superior Court Case No. CGC-17-561945

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the service was made. My business address is Steuart Tower, Suite 1300, One Market Plaza, San Francisco, CA 94105.

On November 17, 2017, I served the following document(s):

**DEFENDANT'S ANSWER TO COMPLAINT FOR DAMAGES**

on the person(s) below by the method(s) indicated:

Rory C. Quintana                                      Attorneys for Plaintiff
QUINTANA HANAFI, LLP
870 Market Street, Suite 1115
San Francisco, CA 94102
Tel.:      (415) 504-3121
Fax:      (415) 233-8770
Email:    rory@qhplaw.com

**BY ELECTRONIC TRANSMISSION:** Based on California Code of Civil Procedure section 1010.6, California Rules of Court 2.253(P)(1) and San Francisco Superior Court Local Rule 2.11P, I served the documents on the person[s] at the e-mail address listed above via File&ServeXpress.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 17, 2017, at San Francisco, California.

Cathy Vittoria

31844113.1

Case No. CGC-17-561945